# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| F.O.B. Instruments, LTD.<br>(a Hong Kong Corporation)<br>1/F Anton Building<br>One Anton Street,<br>Wanchai, Hong Kong<br><br>Plaintiff<br><br>vs.<br><br>Krown Manufacturing, Inc.,<br>(a Texas Corporation)<br>3408 Indale Road<br>Fort Worth, Texas 76116<br><br>and<br><br>Compu TTY, Inc.<br>( a Texas Corporation)<br>3408 Indale Road<br>Fort Worth, Texas 76116<br><br>and<br><br>Potomac Technology, Inc.<br>(a Maryland Corporation)<br>One Church Street, Suite 101<br>Rockville, Maryland 20850-4158<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, F.O.B. Instruments, LTD. ( "F.O.B." or "Plaintiff"), for their complaint against defendants Krown Manufacturing, Inc., Compu TTY, Inc., and Potomac Technology, Inc. (collectively "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff F.O.B. Instruments, LTD. is a Hong Kong corporation having an address of 1/F Anton Building, One Anton Street, Wanchai, Hong Kong.

2. Defendant, Krown Manufacturing, Inc. is a Texas Corporation with a place of business at 3408 Indale Road, Fort Worth, Texas. At all times material to this action, Krown committed the acts complained of herein in this district.

3. Defendant, Comp TTY, Inc. is a Texas Corporation with a place of business at 3408 Indale Road, Fort Worth, Texas. At all times material to this action, Compu TTY committed the acts complained of herein in this district.

4. Defendant Potomac Technology, Inc. is a Maryland corporation having a place of business at One Church Street, Suite 101, Rockville, MD 20850-4158. At all times material to this action, Potomact Technology committed the acts complained of herein in this district.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under Title 35 of the United States Code; unfair competition and trade dress infringement under Title 15 of the United States Code (hereinafter the "Lanham Act"); and unfair competition under the laws of the State of Maryland.

6. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 1367, 35 U.S.C. 271, 281-288, 15 U.S.C. §§ 116, 1121, 1125, and the principals of pendent jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(b) since it is the judicial district in which Defendants conduct continuous and systematic business, advertise, and have caused the injuries complained of herein.

## FACTS COMMON TO ALL COUNTS

8. Since at least as early as 1991, F.O.B. Instruments, LTD has been selling a vibrating alarm clock under the trademark Shake Awake®.

9. Since the introduction of the Shake Awake® vibrating alarm clock to the marketplace, F.O.B. has used and continues to use the phrase "A BETTER WAY TO GREET THE DAY!" in connection with distribution, advertising and sale of the Shake Awake® vibrating alarm clocks by placing the phrase on product packaging.

10.     On February 18, 1992, United States Patent No. 5,089,998 (the "'998 patent"), entitled "Vibrating and Audible Alarm Clock", was duly and legally issued by the United States Patent and Trademark Office to Richard Rund.  A copy of the '998 patent is appended hereto as Exhibit A.

11.     F.O.B. is the owner of the '998 patent by assignment.

12.     Since 1992, F.O.B. has marked its Shake Awake® vibrating alarm clocks with the '998 patent number.

13.     The eye-catching design of the Shake Awake® vibrating alarm clock is unique for alarm clocks and has acquired secondary meaning in that the purchasing public, when seeing the design, believes products having the design are products endorsed or approved by F.O.B..  The purchasing public has come to recognize the well-known appearance and arrangement of the elements of F.O.B.'s Shake Awake® vibrating

alarm clock and associates that appearance and arrangement with F.O.B. as the source of such clocks.

14. In its markets, the Shake Awake® vibrating alarm clock is regarded as being of highest quality and reliability. F.O.B. has and continues to be dedicated to providing excellent products and customer service. F.O.B.'s excellent reputation is a direct result of their dedication to customer service, their careful selection of products, and the efforts of their employees and carefully selected network of manufacturer's representatives to maintain the highest levels of integrity in their marketing and sales efforts.

## COUNT I – PATENT INFRINGEMENT

15. F.O.B. repeat and reaffirm all of the allegations contained in the preceding paragraphs numbered 1 through 14, with the same force and effect as if fully set forth herein.

16. Defendants, in violation of 35 U.S.C. § 271, have been, and are infringing one or more claims of the '998 patent by making, using, offering to sell, selling or importing and/or inducing same in this Judicial District and/or elsewhere, vibrating alarm clocks which embody the patented invention, and will continue to do so unless enjoined by this Court.

17. Defendants infringement has been, and continues to be, deliberate, willful and knowing.

18. By reason of the acts and practices of Defendants, they have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to F.O.B., for which there is no adequate remedy at law and for which F.O.B. is entitled to injunctive relief under 35 U.S.C. § 283.

19.     As a direct and proximate consequence of the acts and practices of Defendants, F.O.B. has also been, is being, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business, and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

20.     This is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiffs are therefore entitled to its reasonable attorney's fees.

### COUNT II – TRADE DRESS INFRINGEMENT – 15 U.S.C. § 1125(A)

21.     F.O.B. realleges and incorporates by reference the allegations contained in paragraphs 1 through 20.

22.     The total look and feel of the Shake Awake® vibrating alarm clock including the well-known appearance and arrangement of the elements of the housing, and the size, shape and design of the clock constitute protectable trade dress.

23.     The Shake Awake® trade dress is non-functional – it is not essential to the product's purpose and it is not dictated by concern for cost efficiency.

24.     The purchasing public has come to recognize the Shake Awake® trade dress and associate that trade dress with F.O.B. as the source of Shake Awake®.

25.     Upon information and belief, Defendants manufacture and/or sell a vibrating alarm clock under the BUZZ tradename.

26.     The BUZZ clock unlawfully copies, imitates and duplicates the distinctive Shake Awake® trade dress.

27.     Defendants' use of trade dress similar to the Shake Awake® trade dress is likely to cause confusion among consumers.

28.     Defendants' actions constitute trade dress infringement in violation of the Lanham Act, 15 U.S.C. 1125(a). F.O.B. has been and will continue to be injured as a result of Defendants' conduct. F.O.B. has no adequate remedy at law for these injuries. Unless Defendants are restrained by this Court from continuing to infringe the Shake Awake® trade dress, these injuries will continue.

## COUNT III UNFAIR COMPETITION – 15 U.S.C. § 1125(a)

29.     F.O.B. realleges and incorporates by reference the allegations contained in paragraphs 1 through 28.

30.     The purchasing public has come to recognize the mark "A BETTER WAY TO GREET THE DAY" and associate that mark with F.O.B. as the source of Shake Awake®.

31.     Upon information and belief Defendant Compu TTY uses F.O.B.'s "A BETTER WAY TO GREET THE DAY" mark in connection with advertising and sale of the BUZZ product on its website without authorization from F.O.B.

32.     Defendants Krown and Compu TTY use the mark "A BETTER WAY TO GREET THE DAY" on the product packing for the BUZZ product without authorization from Plaintiffs.

33.     Defendants' unauthorized use of "A BETTER WAY TO GREET THE DAY" is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with F.O.B. in violation of 15 U.S.C. § 1125(a).

34.     Defendants have unlawfully profited from the unauthorized use of F.O.B.'s "A BETTER WAY TO GREET THE DAY" mark in connection with sales of their knock-off

alarm clocks. F.O.B. is entitled to damages in no event less than said profit by reason of Defendants' infringement of F.O.B.'s trademark. The amount of such damages not being known presently but being ascertainable upon the conduct of appropriate discovery herein.

35. In addition to the damages caused to F.O.B. by Defendants' wrongful use of F.O.B.'s A BETTER WAY TO GREET THE DAY mark, Defendants have been unjustly enriched by their unauthorized use of the "A BETTER WAY TO GREET THE DAY" mark. Law and equity demand that Defendants disgorge the profits they have realized by such unjust enrichment. F.O.B. has and is suffering harm and irreparable harm as a result of the actions of Defendants as complained herein. F.O.B. seeks temporary and permanent injunctive relief against such continued unfair competition.

36. F.O.B. is further entitled to exemplary damages from Defendants because they acted with the malice required to support said damages. Defendants acted with the specific knowledge of F.O.B.'s trademark rights, with specific intent to cause injury to F.O.B., with a conscious indifference to the rights or welfare of the F.O.B., and with actual and/or subjective awareness that its acts involved an extreme degree of risk of harm to F.O.B.

37. Defendants' conduct, as outlined above, establishes that this is an exceptional case justifying the award to F.O.B. its reasonable attorneys' fees in pursuing its claims against Defendants.

**JURY DEMAND**

Pursuant to Rule 38(b), Fed. R. Civ. P., and the Seventh Amendment to the United States Constitution, the Plaintiff hereby demands a trial by jury.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff F.O.B. Instruments, LTD requests judgment as follows:

A. That this Court adjudge and decree that Defendants have infringed or have induced the infringement of the '998 patent, and that such infringement was willful and that this case is exceptional;

B. That this Court permanently enjoin Defendants, their officers, agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, from continued infringement of the '998 patent;

C. That F.O.B. be awarded damages against Defendants for infringement of the '998 patent, and that such an award be trebled under 35 U.S.C. § 284;

D. An order finding Defendants have engaged in trade dress infringement in violation of 15 U.S.C. § 1125(a);

E. F.O.B. be awarded injunctive relief, including an order requiring Defendants individually and collectively immediately discontinue use of the mark "A BETTER WAY TO GREET THE DAY";

F. F.O.B. be awarded damages and other relief available in accordance with its claims pursuant to 15 U.S.C. § 1125, including all actual and consequential damages resulting from Defendants' unfair competitive acts in commerce including, but not limited to, Defendant's profits from use of the Shake Awake® trade dress and Plaintiff's "A BETTER WAY TO GREET THE DAY" mark in an amount to be proven at trial;

G. An order requiring Defendants and their officers, agents, servants and employees, to deliver up to this Court for destruction, all products of which are infringing upon the rights of F.O.B. and that Defendants submit in writing, under Oath, a description of all actions taken to comply with this portion of the Order, within one month of the issuance of any order;

H. F.O.B. be awarded all exemplary and other damages as allowed by law;

I. F.O.B. be awarded prejudgment and post-judgment interest as allowed by law;

J. F.O.B. be awarded all attorneys fees, costs and expenses as allowed by law; and

8

K.  F.O.B. be granted such other and further relief, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*[signature]*

Frederick N. Samuels, Esq., Trial Bar #14027
Maurice U. Cahn, Esq., Trial Bar #04171
CAHN & SAMUELS, LLP
2000 P Street N.W., Suite 200
Washington, D.C. 20036
(202) 331-8777
(202) 331-3838 (Facsimile)
Frederick.Samuel@cahnsamuels.com

ATTORNEYS FOR PLAINTIFFS
F.O.B. INSTRUMENTS, LTD.