THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| F.O.B. Instruments, LTD. )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>Krown Manufacturing, Inc., *et al.* )<br>)<br>Defendant )<br>_____) | Civil Action No. 06-cv-01412-AW |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF VALIDITY**

**I.    DEFENDANTS CONCEDE VALIDITY UNDER 35 U.S.C. § 101, §102, AND §112**

Defendants concede that there are no issues regarding validity under 35 U.S.C. § 101, 35 U.S.C. §102, and 35 U.S.C. §112.  (*See* Exhibit 2 of Plaintiff's Opp. to Def.'s MSJ on Inv. (Document #60))[1](E-mail correspondence from opposing counsel conceding the issue under 101, 102, and 112).  In addition the record contains no admissible evidence to support any subsequent challenge of validity to the '998 patent based on subject matter under §101, anticipation under §102, or enablement under §112.  As such, Plaintiff respectfully submits that the strong presumption of validity under 35 U.S.C. § 282 remains unchallenged

---

[1] Exhibit 2 of Plaintiff's Opposition to Defendants' Motion for Summary Judgment on Invalidity and Cross Motion For Summary Judgment on the Issue of Validity (Document #60).  Exhibit 2 is E-mail correspondence from opposing counsel conceding the issue of validity under 35 U.S.C. §§ 101, 102, and 112.

under 35 U.S.C. §§ 101, 102, and 112 and plaintiff will not restate our previous discussion of this point.

The foundation for Defendants' entire invalidity argument is the testimony of Daniel M. Cislo, an attorney. Mr. Cislo's testimony has been proffered as expert testimony on the subject of circuit design. Plaintiff challenges this testimony based on Mr. Cislo's lack of qualification to offer such testimony in Plaintiff's earlier filed Motion to Exclude. If the Court grants Plaintiff's motion, and Mr. Cislo's testimony is excluded, Defendants' invalidity arguments must fail.

## II.    PLAINTIFF'S EVIDENCE OF VALIDITY IS UNCHALLENGED

A patent issued by the United States Patent and Trademark Office carries with it a strong presumption of validity. Under U.S. patent statues, a patent carries with it a presumption of validity, including a presumption that the claimed subject matter is novel. *See* 35 U.S.C. § 282; *see also Metabolite Labs, Inc. v. Lab. Corp. of Am. Holdings,* 370 F.3d 1354, 1365-1366 (Fed. Cir. 2004)(reversing district court's grant of summary judgment based on obviousness); *Structural Rubber Products Co. v. Park Rubber Co.*, 749 F.2d 707, 714 (Fed. Cir. 1984).

Defendant's Opposition arguments are somewhat incoherent and do not focus on the issue currently before the Court. Plaintiff respectfully submits that this "shotgun" approach is a desperate attempt by the Defendants to confuse and simultaneously avoid the issue before the Court: The presumed validity of the '998 patent under 35 U.S.C. §103, and the Defendants absolute failure to present

any meaningful evidence to rebut the presumption of validity attached to a patent issued by the U.S. Patent and Trademark Office.  *See* 35 U.S.C. § 282.

Defendants have clearly failed to come forward with sufficient evidence to overcome the presumed validity of the '998 patent.  The evidence is to be viewed in a light most favorable to the nonmovant, and all reasonable inferences must be drawn in favor of the nonmovant.  *Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1560 (Fed. Cir. 1988).  The alleged evidence presented by the Defendants, if taken in a light favorable to the nonmovant, F.O.B., does not meet the clear and convincing standard required by the law.

In addition to exposing Defendants' failure to establish obviousness by clear and convincing evidence, Plaintiff has come forward with compelling evidence that the '998 patent is valid under 35 U.S.C. §103.  Plaintiff has presented compelling evidence of the "Secondary Considerations" set fourth in *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966).  The ShakeAwake® alarm clock, a product that embodies the patented technology of the '998 patent, has enjoyed overwhelming commercial success in the U.S. and abroad.

Plaintiff has also presented compelling evidence of the Defendants' attempts to copy the ShakeAwake® product, via infringement of the '998 patent as embodied in the ShakeAwake® product, as well as through the Defendants overt trademark and trade dress infringement of the ShakeAwake® product discussed in other pleadings filed in this case.

Defendants' sole invalidity argument is that the '998 patent is invalid under 35 U.S.C. §103, however this argument is fatally flawed and remains unpersuasive.

Defendants are unable to establish Mr. Cislo as qualified to testify as one of ordinary skill in the art on circuit design or electronics. Furthermore, Defendants obviousness assertions depend on a combination of the U.S. Patent No. 4,352,091 (the '091 patent) and the U.K. Patent No. 2,205,665 (the '665 patent), and they are unable to provide any evidence that would cause one of ordinary skill in the art to be motivated to combine these references. In fact, the record supports a conclusion that one would not be motivated to combine these patents as they contain divergent teachings. Defendants' invalidity argument also remains defective in view of the Defendants' failure to even contemplate or evaluate the scope of the claims prior to attempts to apply the alleged prior art thereto. Moreover, Defendants completely fail to even consider the "Secondary Considerations" articulated by the U.S. Supreme Court in *Graham*.[2]

In view of the evidence presented by the Plaintiff, coupled with the strong presumption of validity and Defendants' concessions of validity under 35 U.S.C. § 101, 35 U.S.C. §102, and 35 U.S.C. §112; Plaintiff respectfully requests the Court to reaffirm the '998 patent's validity.

---

[2] Defendants failure to evaluate the "Secondary Considerations" pursuant *Graham* is a necessary result of their failure to request any discovery during the entire discovery period.

### III. MR. CISLO IS NOT ONE SKILLED IN THE RELEVANT ART

Defendants' attempt to rely on the opinions of Daniel M. Cislo, Esq. to establish what "would have been obvious at the time the invention was made to one of ordinary skill in the art," however Mr. Cislo has not been established as having the qualifications to opine on this subject.  Even though Defendants have the burden of establishing the qualifications of Mr. Cislo to offer this testimony, Defendants have submitted no evidence establishing Mr. Cislo, an attorney, as competent to opine on what one skilled in the art of electronics, and specifically electronics as applied to alarm clocks, would or would not know or do.  Even at this late date, on the eve of trial, Mr. Cislo's level of exposure to the field of electronics and circuit design remains unestablished.

35 U.S.C. §103 is clearly based on what would have been obvious to one of ordinary skill in the art at the time the invention was made.  As such, a witness' testimony as to obviousness is inappropriate if the witness does not have ordinary skill in the art.  *Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd.,* 1996 U.S. Dist. LEXIS 258,*15-16 (N.D. Ill. 1996).

Mr. Cislo is not a person of ordinary skill in the art under any plausible definition.  Accordingly, Mr. Cislo's testimony and opinions on the matter of one skilled in the art should be given no weight.  *See Heidelberg Harris, Inc.* at 21-22.[3]

### IV. THE RECORD PROVIDES NO MOTIVATION TO COMBINE THE TEACHING OF '665 AND '091 PATENTS

---

[3] Plaintiff respectfully directs the Court's attention to the Plaintiff's Motion to Strike the Declaration of Daniel M. Cislo, Esq.; Document #59.

The technology disclosed in the '655 patent is contrary to and teaches away from the teachings of the '091 patent. Consequently, one of ordinary skill in the art would not have been inclined to or seen a benefit in combining these teachings. The '091 patent discloses a pager and according to the written description, the patent teaches that the disclosed device's circuitry only works with pagers that generate <u>tone</u> signals. The '665 patent discloses a travel clock that alarms by vibrating the clock housing. The alarm circuit of the '665 patent is driven by a <u>pulse</u> signal. Pulse and tone signals are fundamentally different and these teachings being divergent would clearly fail to motivate one of ordinary skill in the art to combine these references. (*See* Exhibit 6 and Exhibit 7 of Plaintiff's Opp. to Def.'s MSJ on Inv. (Document #60))[4](Respectively, Rebuttal Expert Report and Declaration of Dr. David Barbe).

Defendants have provided no motivation that one of ordinary skill in the art would have found it beneficial to incorporate the structure of the '091 patent into the structure of the '665 patent, despite their divergent teachings. (*See* Exhibit 6 of Plaintiff's Opp. to Def.'s MSJ on Inv. (Document #60))[5](Rebuttal Expert Report of Dr. David Barbe).

[T]he Court acknowledged the importance of identifying "a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does" in an obviousness

---

[4] Exhibit 6 and Exhibit 7 of Plaintiff's Opposition to Defendants' Motion for Summary Judgment on Invalidity and Cross Motion For Summary Judgment on the Issue of Validity (Document #60). Exhibit 6 is the Rebuttal Expert Report of Dr. David Barbe. Exhibit 7 is the Declaration of Dr. David Barbe.
[5] Exhibit 6 of Plaintiff's Opposition to Defendants' Motion for Summary Judgment on Invalidity and Cross Motion For Summary Judgment on the Issue of Validity (Document #60). Exhibit 6 is the Rebuttal Expert Report of Dr. David Barbe. *See* pgs. 9-10.

determination. *Takeda Chem. Indus. v. Alphapharm Pty., Ltd.,* 2007 U.S. App. LEXIS 15349 (Fed. Cir. 2007)(*explaining KSR*, 127 S. Ct. at 1731).

"The Court relied upon the corollary principle that when the prior art teaches away from combining certain known elements, discovery of a successful means of combining them is more likely to be nonobvious." *KSR Int'l, Co., v. Telefax Inc.*, 127 S. Ct. 1727, 1740 (2007)(citing *United States v Adams*, 383 U.S. 39, 50-52 (1966)).

In view of the divergent teachings contained in the '665 and the '091 one of ordinary skill in the art would not have been inclined to combine these teachings.

## V.    DEFENDANTS PERFORM NO EVALUATION OF CLAIM SCOPE

Defendants argue claim construction is within the purview of the Court as a question of law in an attempt to explain away their failure to do even an elementary evaluation of what they believe the claims mean prior to the application of alleged prior art. While Plaintiff agrees that formal claim construction is within the dominion of the Court, Defendants' obviousness argument requires a claim analysis under *Graham*. The Court is by no means bound by an expert's proposed construction, but to make a meaningful obviousness assertion, an analysis under *Graham* is necessary.

Without an evaluation of what Defendants believe the claims mean, any application of alleged prior art under an obviousness theory is meaningless. To assert obviousness without a clue as to what the claims cover or do not cover is

a senseless waste of resources.  When this flaw in the Defendant's obviousness argument was revealed, Defendants responded by flip-flopping to the current argument; that regardless of how the claims are construed they are invalid under §103.  This argument is nonsensical.  Essentially, Defendants now argue that whatever the claims do, or do not cover, they are invalid in view of prior art pursuant §103.  This absurd argument is the ultimate result of the Defendants' failure to do even the most basic analysis of the claims scope pursuant *Graham*.

## VI.   DEFENDANTS' NEW DISTORTION OF THE '665 DISCLOSURE

In the Defendants' opposition to Plaintiff's cross motion for Summary Judgment on the Issue of Validity, Defendants have now hatched an obviousness argument based on the button arrangement shown in FIG. 1 of the '665 patent, asserting that the device disclosed in the '665 patent now has an audible mode in addition to the vibration mode.  Plaintiff respectfully submits that this is a poorly conceived and thinly disguised "attorney spawned" argument without a scintilla of evidence in the record to support this reading of the '665 patent.  Rather, the record clearly supports a determination that the '665 patent discloses only a vibration mode.

The '665 patent was considered by the patent examiner, during the patent's prosecution, and the patent examiner did not believe Defendants' reading of the '665 was a reasonable one, else, he would have presented this reading of the '665 patent during the patent's prosecution. (*See* Exhibit 1 of

Plaintiff's Opp. to Def.'s MSJ on Inv. (Document #60))[6](U.S. Patent 5,089,998). Surprisingly, Defendants' new reading of the '665 patent is not even supported by its own purported expert.

## VII. CONCLUSION

Defendants' have clearly failed to come forward with sufficient evidence to overcome the presumption of validity of the '998 patent. The alleged evidence presented by the Defendants, when taken in a light favorable to the nonmovant, does not meet the clear and convincing standard required by the law.

Conversely Plaintiff has come forward with compelling evidence that the '998 patent is valid under 35 U.S.C. §103. In view of the evidence presented by the Plaintiff[7], coupled with the strong presumption of validity, and Defendants'

---

[6] Exhibit 1 of Plaintiff's Opposition to Defendants' Motion for Summary Judgment on Invalidity and Cross Motion For Summary Judgment on the Issue of Validity (Document #60). Exhibit 1 is a copy of United States Patent No. 5,089,998.
[7] Defendant's object to the content of Exhibits 4 and 8 of Plaintiff's Memorandum in Support of Plaintiff's Opposition to <u>Defendants' Motion for Summary Judgment on Invalidity and Cross-Motion for Validity</u>. Plaintiffs will replace Exhibits 4 and 8 with new exhibits that do not contain the objectionable content. Inclusion of the particular versions of Exhibit 4 and Exhibit 8, containing the objectionable materials was inadvertent.

concessions of validity under 35 U.S.C. § 101, 35 U.S.C. §102, and 35 U.S.C. §112; Plaintiff respectfully requests the Court to reaffirm the '998 patents validity.

Respectfully submitted,

_____/s/_____
Frederick N. Samuels, Esq., Trial Bar #14027
Maurice U. Cahn, Esq., Trial Bar #04171
CAHN & SAMUELS, LLP
2000 P Street N.W., Suite 200
Washington, D.C. 20036
(202) 331-8777
(202) 331-3838 (Facsimile)
Frederick.Samuel@cahnsamuels.com

ATTORNEYS FOR PLAINTIFFS
F.O.B. INSTRUMENTS, LTD.