**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| F.O.B. INSTRUMENTS, LTD., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action AW-06-1412 |
| | * | |
| KROWN MANUFACTURING, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

Currently pending before the Court are Plaintiff's Motion in Limine to Exclude the Testimony and Expert Report of David Nolte (Docket No. 90); Plaintiff's Motion in Limine to Exclude the Supplemental Expert Report of David Nolte (Docket No. 105); and Plaintiff's Motion in Limine to Preclude Testimony of Ralph Reiser, Esq. (Docket No. 110). These motions have been fully briefed, and the matter is now ripe for review. In a previous Order by this court, dated May 9, 2008, the Court deferred ruling on the above-mentioned motions and took them under further advisement. Additionally in that Order, the Court requested Defendants to make a proffer to the Court as to the exact nature of the testimony of Mr. Ralph Reiser, Esq., so as to adequately guard the jury against any potential testimony that is irrelevant and that could be prejudicial to the jury. The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motions. For the reasons stated below, the Court will GRANT all of Plaintiff's Motions in Limine.

## EVIDENTIARY STANDARD

Expert testimony is admissible under Federal Rule of Evidence 702 if it concerns (1)

1

scientific, technical, or other specialized knowledge that (2) will aid the jury or fact-finder to understand or resolve a fact at issue. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). Thus, the *Daubert* standard requires that the expert's opinion is both *reliable*, i.e. whether it is supported by adequate validation, and *relevant* to the facts at issue. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260-61 (4th Cir. 1999).

A court considering the admissibility of expert testimony acts as a "gate-keeper" to determine whether the proffered evidence is sufficiently reliable and relevant. *Wesberry*, 178 F.3d at 261. The inquiry is a "flexible one," focusing on the "principles and methodology" employed by the expert and not on the conclusions reached. *Id*. Lastly, given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded. *Id*.

## DISCUSSION

*I.     Plaintiff's Motion in Limine to Exclude Expert Report and Testimony of David Nolte*

On April 19, 2007, Defendants served their first Rule 26(a)(2)(B) expert report ("the Initial Report") of David Nolte, Defendants' damages expert. On January 10, 2008, Plaintiff filed its Motion in Limine to exclude the Initial Report and preclude the testimony of Mr. Nolte. Plaintiff argues that the Initial Report contains opinions that are based on insufficient facts and data because the report was created without the benefit of discovery or any evidence on the sales or profits of the ShakeAwake alarm clock. Also, Plaintiff contends that the expert did not properly apply several of

the *Georgia Pacific*[1] factors for a reasonable royalty, and, without that information, his opinions on damages would be prejudicial to the jury.  Lastly, the Initial Report includes a list of non-infringing substitutes as alternatives to Plaintiff's product.  Plaintiff argues that Defendant has no reasonable basis to conclude that the items listed in the Initial Report are non-infringing substitutes nor is he qualified to give an opinion about this technology as an accountant.

Defendants', however, primarily argue that Plaintiff has refused to provide information relating to its damages and failed to designate a damage expert, in violation of Fed. R. Civ. P. 26.  Also, Defendants contend that an expert does not have to be informed of all the detail of a case to offer an expert opinion.  Finally, Defendants argue that Plaintiff merely disagrees with the expert's conclusions and does not demonstrate how his methodology is unreliable, and any deficiencies in the report can be cured through cross-examination.

As a preliminary matter, the Court must note that Plaintiff was under no obligation to provide Rule 26(a)(1) disclosures because the Scheduling Order issued by the Court clearly states that "this is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made."  Also, since Defendants have not identified any specific discovery requests seeking Plaintiff's financial data, i.e. a motion to compel, they have not demonstrated that Plaintiff was under any duty to furnish such information.

From reviewing the parties' positions and the Initial Report, it is clear that the report is deficient under *Daubert*.  Mr. Nolte himself admits that he did not have the requisite information to accurately apply all of the *Georgia Pacific* factors for the reasonable royalty analysis.

---

[1] The *Georgia-Pacific* case provides a list of fifteen factors that are relevant in infringement cases to determine the amount of a reasonable royalty owed to a patentee. *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970).

Specifically, Mr. Nolte does not have information on Plaintiff's licensing policy (Factor #4); the profitability, commercial success, and current popularity of the product (Factor #8); utility and advantages of the product over older models (Factor #9); the profit or selling price in the business (Factor #12); and the realizable profit credited to the invention (Factor #13). *See* Initial Report at 8-12. The fact that Mr. Nolte is an accountant would qualify him to give an expert on financials in general. However, given the previously noted shortcomings, the Court is not satisfied with the reliability of the Initial Report since the informational gaps seriously limit its adequacy and increase the risk of misleading the jury.[2] *Westberry*, 178 F.3d at 261.

Lastly, at the last pre-trial telephonic conference, Defendants claimed that Mr. Nolte would be used to "rebut" Plaintiff's evidence regarding damages; however, this qualification on his testimony fails as well. In order for an expert to testify, the expert must provide a disclosure of his expert opinion testimony. Fed. R. Civ. P. 26(a)(2)(B) ("The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore. . . ."). Also, "there is no basis in the Rule for distinguishing disclosures of testimony to be used on direct examination or in rebuttal." *Golden Nugget, Inc. v. Chesapeake Bay Fishing Co., L.C.*, 93 Fed. Appx. 530, 533 (4th Cir. 2004). Therefore, even as a "rebuttal expert," Mr. Nolte would still need to provide a report of his opinion testimony. Since the Court has excluded the Initial Report from being introduced at trial, it follows likewise that Mr. Nolte should be precluded from testifying at trial.

II.  *Plaintiff's Second Motion in Limine to Exclude the Supplemental Expert Report and Testimony of David Nolte*

On January 28, 2008, Defendants served Plaintiff with Mr. Nolte's First Supplemental Expert

---

[2] Although the conclusions reached in the Initial Report are also problematic, the Court does not focus on the conclusions but rather on the methodology employed with insufficient data.

Report ("the Supplemental Report"). As with the Initial Report, Defendants had not taken any meaningful discovery with regard to Plaintiff's investment, sales, or gross or net profits. Plaintiff argues that the Supplemental Report suffers from the same deficiencies as the Initial Report. Like the Initial Report, Plaintiff contends that it is based on insufficient data and uses improper damage methodologies to the facts of this case.[3] Plaintiff also argues that Defendants' information is taken from the Proposed Pre-Trial Order ("PPTO"), which only includes final damages *totals* as opposed to the raw data which underlie those calculations. Plaintiff states that Mr. Nolte essentially "conjured a damages calculation, seemingly from this air."

Defendants argue that the Supplemental Report should not be stricken because each of the alleged defects in the Initial Report have been cured by the Second Supplemental Report, dated March 12, 2008.[4]

Like the Initial Report, the Supplemental Report suffers from the same deficiencies of not having relied on adequate information to calculate the damages. Mr. Nolte essentially used the PPTO to guess at Plaintiff's damages amount. Again, Mr. Nolte admits that the PPTO "does not provide calculations for FOB's damages, but instead simply assert amounts" and that he was "left to guess about the real calculations that FOB proposes among what would be possible under FOB's vague description." *See* Supplemental Report at 1. Unfortunately, Mr. Nolte's guesswork cannot constitute reliable expert testimony and will most likely confuse or mislead the jury if it is introduced at trial. *Westberry*, 178 F.3d at 261. As a result, the Supplemental Report will be

---

[3] Mr. Nolte admits again in the Supplemental Report to not having complete disclosures regarding Plaintiff's damages claims. *See* Supplemental Report at 1-2.

[4] The Second Supplemental Report has been stricken from the record by an Order from Magistrate Judge Charles Day, which was referred to him by an Order of this Court.

excluded, and Mr. Nolte will be precluded from testifying at trial.

III.     *Plaintiff's Motion in Limine to Preclude Testimony of Ralph Reiser, Esq.*

Plaintiff moves this Court to preclude the testimony of Ralph Reiser, who is Defendants' personal attorney. Plaintiff argues that Mr. Resier was not identified as a "percipient witness"[5] during discovery and that Defendants are seeking to improperly introduce evidence of their lawyer's actions and opinions that, during discovery, were shielded by Defendants with claims of attorney-client privilege. This information, as Plaintiff contends, is an attempt to mitigate the willful and wanton nature of Defendants' infringement, which would be highly prejudicial. Lastly, Plaintiff argues that Defendants maintained privilege regarding the advice of counsel, which lead Plaintiff to believe that there was no need to take discovery surrounding Mr. Reiser's activities and communications with Defendants.

Defendants, on the other hand, argue that Mr. Reiser is a "percipient witness" to show willfulness in both patent and trademark infringement. Defendants maintain that Mr. Reiser will testify to certain factual matters regarding Defendants' conduct and to what he personally did upon notification of the alleged patent infringement, and not anything subject to the attorney-client privilege. Lastly, Defendants argue that Mr. Reiser has personal knowledge with regard to the trademark searches performed by Defendants.

Per the Court's Order, dated May 9, 2009, Defendants proffered testimony of Mr. Reiser, stating that he will testify to the following: (1) that after receiving the cease-and-desist letter, he hired attorneys to investigate the matters alleged in Plaintiff's complaint and to handle the case on behalf of the Defendants; (2) that he drafted a letter on behalf of Defendants to be sent to customers

---

[5] According to Black's Law Dictionary, a "percipient witness" is a witness who has perceived the things about which he or she testifies. *Black's Law Dictionary*, 712 (8th ed. 2004).

6

regarding the allegedly infringing products; (3) that he requested and was provided with the original Google search performed by Sam Dunn and will explain why a different version was provided to Plaintiff; and (4) that the Google search performed by Mr. Sidney Ander had been incorrectly identified in an earlier deposition.

After reviewing the parties' arguments and the proffered testimony of Mr. Reiser, the Court finds that Mr. Reiser should be precluded from testifying at trial. Most of the facts that he will testify to are irrelevant, can be introduced at trial by other witnesses, or can be stipulated to by the parties, if possible. Moreover, the Court is concerned with the potential problems associated with Mr. Reiser's testimony because it may come within the realm of the attorney-client privilege or constitute legal advice. Accordingly, the Court will grant Plaintiff's motion to preclude the testimony of Mr. Reiser.[6]

## CONCLUSION

For the reasons state above, the Court will grant all of Plaintiff's Motions in Limine. An Order consistent with this Memorandum Opinion will follow.

May 19, 2008                                               /s/
Date                                              Alexander Williams, Jr.
                                                  United States District Judge

---

[6] However, the Court will entertain a reasonable request by Defendants to allow Mr. Reiser to testify to establish other facts that have not been stipulated by the parties and that are not in real dispute, and provided that the testimony does not encroach upon the attorney-client privilege.